## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

v.

Derrick Alan Wade

April 7, 2004

Case No. (Criminal) 102219

BY JUDGE RANDY I. BELLOWS

This matter comes before the Court on Mr. Wade's Petition for a Writ of Mandamus. Upon consideration of the petition, the relevant law, and the record in this matter, the Court dismisses the Petition.

On February 5, 2003, the Petitioner pleaded guilty to driving on a revoked operator's license after having been held a habitual offender (second or subsequent). Petitioner was sentenced on April 25, 2003, to four years imprisonment, to be followed by three years of post release supervision, with alcohol treatment. The Sentencing Order was signed by this Court on May 6, 2003.

Petitioner argues that his rights under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution have been violated because he has been in the Fairfax County Adult Detention Center more than sixty days. In making this argument, Petitioner relies upon Va. Code Ann. § 53.1-20(B) (Michie 2003), which reads as follows:

> Persons convicted of felonies committed on or after January 1, 1995, and sentenced to the Department or sentenced to confinement in jail for a year or more shall be placed in the custody of the Department and received by the Director into the state corrections system within sixty days of the date on which the final sentencing order is mailed by certified letter or sent by electronic transmission to the Director by the clerk.

Petitioner's claim for relief under the Fourteenth Amendment is without merit. The code provision cited above is merely a procedural device by which felons are transferred from a local jail into the custody of the Department of Corrections and is not a vehicle for constitutional relief. "Such procedural requirements are designed to do nothing more than 'guide correctional officials in the administration' of penal systems and 'are not designed to confer rights on inmates'." *Counts v. Newhart*, 951 F. Supp. 579, 584 (1996) (*quoting Sandin v. Conner*, 515 U.S. 472, 132 L. Ed. 2d 418, 115 S. Ct. 2293 (1995)). *See also Khaliq v. Angelone*, 72 Fed. Appx. 895, 2003 U.S. App. LEXIS 14548 (4th Cir. 2003) ("Appellants had no federal right to be housed in any particular state facility, or in a state corrections facility as opposed to a local jail compensated by the state for the cost of incarcerating state inmates pending their transfer to an available and appropriate space within a state facility.") Nor does the Due Process Clause of the Fourteenth Amendment "create any right to be transferred from local jail to state prison. ... Inmates simply have no protected interest with regard to the decision to transfer or not to transfer an inmate from local jail to state prison." *Counts*, 951 F. Supp. at 584-85.

For the foregoing reasons, Mr. Wade's Petition for Writ of Mandamus is dismissed.